[No. 35965. Department Two. November 22, 1961.]

JAMES D. ROBERTS et al., Respondents, v. CAMAS WOOD PRODUCTS, INC., Defendant, STEVEN BEVARD et al., Intervenors-Appellants.*

*Reported in 366 P. (2d) 473.

*Jefferson D. Miller*, for appellants.

*Eugene F. Harris*, for respondents.

OTT, J.—Camas Wood Products, Inc. (hereinafter referred to as Camas), is a Washington corporation engaged in the business of remanufacturing wood products from lumber. Knapp Lumber Sales, a partnership (hereinafter referred to as Knapp), was the owner of 25,000 board feet of one and two inch finished fir lumber. May 2, 1958, Knapp entered into a contract with Camas to remanufacture the pieces of fir into toy wigwam poles for an agreed consideration. Camas was unable to meet its payroll after July 1, 1958, due to financial difficulties.

August 31, 1958, Camas ceased its remanufacturing activity and refused to deliver possession of the partially remanufactured toy wigwam poles to Knapp, although Knapp had paid Camas $1,500 for labor performed.

September 15, 1958, Knapp commenced this action against Camas to replevin the partially remanufactured wigwam poles, and for damages for breach of contract. Knapp deposited a bond in replevin, obtained possession of the poles, and transferred them to Portland, Oregon, where the remanufacturing process was completed.

May 1, 1959, several employees of Camas, who had not been fully paid their wages for labor performed, were permitted to intervene in the replevin action. They sought a judgment against Camas for the amount of their wages, plus attorneys' fees and costs, and joined Knapp as a party defendant in their complaint in intervention, seeking to foreclose their labor liens against the partially remanufactured toy wigwam poles belonging to Knapp.

The cause proceeded to trial before the court. Defendant

Camas did not defend against either cause of action, and judgment was granted to the interveners for the full amount of their wages, including attorneys' fees and costs. The court denied the interveners their alleged right of lien against the unfinished poles, entered judgment against Camas in the replevin action, and allowed Knapp $100 for breach of contract.

The court, in denying interveners their claim of lien, held that the labor performed by them for remanufacturing the finished lumber was not within the purview of RCW 60.24.030.

From that part of the judgment denying the labor lien, the interveners appeal.

In accordance with Rule on Appeal 34, RCW Vol. 0, this appeal is upon an agreed statement of facts substantially as above set forth, and the following concise statement of points relied upon:

"1.   That the trial court erred in ruling that the one inch and two inch finished lumber from which the toy wigwam poles were manufactured was not 'saw logs or other timber' within the meaning of Section 64.24.030 [60.24.030], Revised Code of Washington.

"2.   That the trial court erred in ruling that the lien provided by Section 60.24.030 did not apply to the toy wigwam poles because such poles had been manufactured from lumber which had left the mill where such lumber had been manufactured.

"3.   That the trial court erred in ruling that the toy wigwam poles were not lumber within the meaning of Sec. 60.24.030.

"4.   That the trial court erred in ruling that the lien provided by Sec. 60.24.030 did not cover or apply to the partially manufactured toy wigwam poles.

"5.   That the trial court erred in dismissing the complaint in intervention."

RCW 60.24.030 provides:

"Every person performing work or *labor* or assisting *in manufacturing saw logs* and other timber *into lumber* and shingles, *has a lien upon such lumber while the same remains at the mill where it was manufactured, or in the possession or under the control of the manufacturer,*

whether such work or labor was done at the instance of the owner of such logs or his agent or any contractor or subcontractor of such owner. The term lumber, as used in this chapter, shall be held and be construed to mean all logs or other timber sawed or split for use, including beams, joists, planks, boards, shingles, laths, staves, hoops, and every article of whatsoever nature or description manufactured from saw logs or other timber." (Italics ours.)

The agreed statement of facts contains this statement:

" . . . That the lumber . . . which was manufactured into toy wigwam poles in the instant case, was no longer saw logs, but rather *was finished lumber that had left its place of original manufacture.* That in the lumber trade the word *'timber'* generally refers to *standing trees,* while *'a timber'* generally refers to lumber of at least 6″ x 6″ in size." (Italics ours.)

It was, therefore, agreed that the poles upon which appellants claimed a lien for their remanufacturing labor, had previously been manufactured into pieces of "finished lumber," had left the sawmill "where it was manufactured," and was shipped from Oregon to Washington for the purpose of remanufacture by Camas.

By the agreed statement of facts, this appeal is limited to the single query of whether the lien statute referred to (RCW 60.24.030) affords a right of lien to those performing labor on finished lumber for its remanufacture into a wood product.

In *Calmer v. Day,* 118 Wash. 276, 203 Pac. 71 (1922), this court held that the scope of the lien authorized by a statute identical to RCW 60.24.030 encompassed

" . . . all those engaged in the timber and lumber business who performed any service for any employer engaged in any part of the work required to reduce the tree from a living part of the forest to merchandise, or to that state of manufacture where it becomes an ordinary subject of commerce. . . ."

In *Carr v. Bunker Creek Logging Co.,* 131 Wash. 535, 230 Pac. 422 (1924), it was held that the lien for labor performed was waived when not claimed while the lumber was still in the possession or control of the mill.

The legislature, in defining the term "lumber" as a product manufactured from saw logs or timber, specified that the manufactured articles shall include "beams, joists, planks, boards, shingles, laths, staves, hoops, and every article of whatsoever nature or description manufactured from saw logs or other timber." In the instant case, the 25,000 board feet of various sizes of fir are within the broad statutory definition of the term "lumber," and also within the agreed definition of the term "lumber."

We conclude that the legislature, by RCW 60.24.030, has limited the right of a lien to those workmen who perform labor in producing finished lumber, and that the right of lien must be claimed, as provided by law, before the lumber leaves the possession or control of the manufacturer or "the mill where it was manufactured." The labor that appellants performed was admittedly that of a remanufacturing process upon finished lumber which had left its place of manufacture, and therefore was not within the scope of the cited statute.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.